UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:10-CR-110-TAV-HBG-1 |
| ) | |
| BRYAN DOUGLAS WALDEN, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

Pending before the Court is the defendant's Motion for Reduction of Sentence Under 28 U.S.C. § 3582(c)(2) [Doc. 399].[1] The government filed a response in opposition to this request [Doc. 434].

On February 7, 2011, the defendant was convicted of conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine ("Count One") and conspiracy to commit money laundering ("Count Seventy-Six"). On December 12, 2011, he was sentenced to 258 months' imprisonment for Count One and 240 months' imprisonment for Count Seventy-Six, to run concurrently to the sentence for Count One [Doc. 290].

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for offenses involving crack cocaine and directed the Sentencing Commission to promulgate

---

[1] In light of the content of the defendant's motion and the fact that 28 U.S.C. § 3582(c)(2) does not exist, the Court construes this as a motion made pursuant to 18 U.S.C. § 3582(c)(2).

emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine.

The government notes that the defendant was sentenced after Amendment 750 had been incorporated into the guidelines [Doc. 434 p. 2], and though this is chronologically correct, it appears that the defendant was sentenced under the 2010 version of the guidelines. Still, Amendment 748, the emergency amendment later made fully retroactive by Amendment 750, applied in the defendant's case. Therefore, the defendant has already received the full benefit of Amendment 750, and to the extent that he requests relief based upon this amendment, that request is misplaced.

The defendant also seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced

2

statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc. The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.*

Therefore, to the extent that the defendant was eligible for relief under *Blewett*, that decision no longer supports the defendant's motion for a sentence reduction. In any event, the government made an 18 U.S.C. § 3553(e) motion in this case, allowing the Court to impose a sentence below the applicable mandatory minimum.

Finally, as the government points out, to the extent the defendant cites case law as support for his § 3582(c)(2) motion, the Court has no authority to reduce the defendant's sentence under § 3582(c) because this subsection permits sentence reductions only pursuant to guidelines amendments, not Supreme Court decisions or statutory changes, so the Court cannot afford the defendant the relief he seeks under this framework. *See United States v. Downs*, 487 F. App'x 286, 287 (6th Cir. 2012) ("A sentence reduction pursuant to section 3582(c)(2) can only be made on the basis of amendments to the sentencing guidelines."); *United States v. Erazo*, No. 3:08-cr-70, 2012 WL 4442528, at

*3 (E.D. Tenn. Sept. 25, 2012) (recognizing that "*Dorsey* does not provide any independent basis to grant relief under 18 U.S.C. § 3582(c). . . . [T]hat statute authorizes reductions based upon retroactive Guidelines amendments, . . . [and] *Dorsey* is not a Guidelines amendment, but a Supreme Court decision.").

In light of the foregoing, the defendant's Motion for Reduction of Sentence Under 28 U.S.C. § 3582(c)(2) [Doc. 399] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4