UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:10-CR-110-TAV-HBG ) |
| BRYAN DOUGLAS WALDEN, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 581], his supplement to that motion [Doc. 605], and his motion to appoint counsel [Doc. 592]. The United States has filed a response in opposition [Doc. 596], and defendant has filed a reply [Doc. 599]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion to appoint counsel will be **DENIED as moot** and his motion for compassionate release will be **DENIED**.

**I.  Background**

On February 7, 2011, defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and five (5) kilograms of cocaine in violation of 21 U.S.C. §§ 846, 84l(a)(l) and 841(b)(l)(A), one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), as well as admitting guilt to the violations alleged in the petition for revocation of supervised release in a previous case, Case No. 3:99-CR-29 [Docs. 109, 110]. Defendant was

sentenced to a total term of imprisonment of 258 months, followed by ten (10) years of supervised release [Doc. 290].

Defendant is housed at FMC Lexington, which currently has zero (0) active cases of COVID-19 amongst the inmates, one (1) active case amongst the staff, and 324 staff and 828 inmates have been vaccinated against COVID-19. COVID-19Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 26, 2021). Defendant is forty-nine (49) years old and alleges that he suffers from asthma, eczema, and a cyst on his leg, but he offers no medical records in support of these allegations [Doc. 605-1, pp. 9-10]. Defendant is scheduled for release on July 16, 2029. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 26, 2021).

## II.     Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(l)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(l)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

2

or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(l)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

Id.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § lBl.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ IB1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(l)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted).

"In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for

3

compassionate release, federal judges may skip step two of the § 3582(c)(l)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." Id. at 1111.  In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(l)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion.  *United States v. Elias*, 984 F.3d 516,519 (6th Cir. 2021).

### III.  Analysis

#### A.  Section 3582©(l)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(l)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits.  *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).  "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'"  Id. at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id. (citing United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has exhausted his administrative remedies [Doc. 596].  Thus, the Court may consider the merits of defendant's request.

#### B.  Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial.  Elias, 984 at 519.  In this instance, the Court finds

4

that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant offers several arguments which he contends establish extraordinary and compelling reasons in this case. First, defendant argues that if he were sentenced today, he would benefit from the First Step Act's changes to enhanced penalties imposed under 21 U.S.C. § 851 and 841. In this case, at sentencing, defendant faced a mandatory minimum term of imprisonment of life as to Count One because of the enhanced penalty he faced based on prior drug convictions [Presentence Investigation Report ("PSR") at ¶¶ 118-19]. The Court granted a downward departure and sentenced defendant to 258 months instead of the mandatory life sentence [Doc. 290].

Defendant's second basis for compassionate release is the ongoing risk posed by the COVID-19 pandemic. Defendant alleges that he suffers from asthma, eczema, and has a painful cyst on his leg, but offers no medical records to support his claims [Doc. 605-1, pp. 9-10]. Defendant alleges that he requested medical records from the Bureau of Prisons, but states that he had not received them as of his last filing [Id., p. 10]. Defendant's PSR does indicate that, at the time it was prepared (in or around May 2011), defendant suffered from eczema and that he "reported having allergies and asthma, but stated he does not use an inhaler" [PSR at ¶ 107]. Finally, defendant also points to his efforts to rehabilitate and improve himself while serving out his sentence [Doc. 605].

Starting with defendant's arguments regarding the non-retroactive changes effected by the First Step Act, defendant argues that if he were sentenced today, he would have faced a mandatory minimum 25-year sentence rather than the potential life sentence he actually faced.[1] Two recent Sixth Circuit opinions, *United States v. Tomes*, 990 F.3d 500 (6th Cir. Mar. 9, 2021) and *United States v. Owens*, 996 F.3d 755 (6th Cir. May 6, 2021), have addressed the issue of whether non-retroactive statutory penalty changes, either on their own or in conjunction with other factors, qualify as an extraordinary and compelling reason which justifies compassionate release. *Tomes* held that the non-retroactive nature of § 401 of the First Step Act, which reduced the penalties of certain drug crimes, could not qualify as an extraordinary and compelling reason for the purposes of compassionate release. *Tomes*, 990 F.3d at 505. In contrast, *Owens* held that a trial court may consider such non-retroactive statutory amendments in conjunction with any other applicable factors and determine whether, under the totality of the circumstances, a defendant established extraordinary and compelling reasons. *Owens*, 996 F.3d at 763.

Finally, in *United States v. Jarvis*, 999 F.3d 442 (6th Cir. June 3, 2021), the Sixth Circuit discussed the apparent split created by *Tomes* and *Owens*. The *Jarvis* court held that *Tomes*, which was decided before *Owens*, controlled. *Jarvis*, 999 F.3d at 445-46. The *Jarvis* court went on to hold that, despite the opinion of a dissenting panel member, *Tomes's*

---

[1] The Court notes that the 258-month sentence defendant received is still below the 25-year mandatory minimum he would potentially face if sentenced today.

6

holding that a non-retroactive amendment cannot be considered extraordinary and compelling was not dicta. *Jarvis*, 999 F.3d at 446.

Thus, under the precedent established by *Tomes* and *Jarvis*, this Court cannot consider the non-retroactive amendments to the penalties imposed by 21 U.S.C. §§ 841 and 851 for the purpose of determining whether defendant has satisfied the extraordinary and compelling requirement.[2] However, whether the Court is guided by *Tomes* and *Jarvis*, and disregards defendant's sentencing argument, or by *Owens*, and considers defendant's arguments in conjunction with- his generalized fears regarding COVID-19, his medical concerns, and his efforts at rehabilitation, the Court's ruling would be the same.

Rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release. See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). While the Court commends defendant's efforts at self-improvement, the Court does not find defendant's post-conviction rehabilitation so exceptional as to rise to the level of extraordinary and compelling.

Nor does the Court find defendant's generalized concerns about COVID-19 persuasive. Defendant alleges that he suffers from asthma, eczema, and a cyst, but defendant has provided no medical records to support his claim. Defendant's PSR confirms

---

[2] While *Tomes* involved § 401 of the First Step Act, which changed the penalties for certain drug crimes, *Jarvis* involved § 403 of the First Step Act, which changed the penalties at issue in § 924(c) stacking cases. *Jarvis*, 999 F.3d at 443-44.

7

Case 3:10-cr-00110-TAV-HBG   Document 612   Filed 08/03/21   Page 7 of 9   PageID #: 2797

that defendant reported suffering from asthma, but also indicated that defendant did not require the use of an inhaler [PSR at1 107]. In light of that fact, and the absence of medical records, the Court finds that defendant's asthma is not severe and appears to be well-controlled. See *United States v. Montero*, 842 F. App'x 1007, 1009 (6th Cir. 2021) (affirming the district court's denial of compassionate release to an inmate whose asthma was not severe and was well controlled). Nor does the Court find defendant's eczema and cyst to be significant enough to rise to the level of extraordinary and compelling.

Even if the Court were to consider defendant's sentencing argument, the Court would not find that the totality of the circumstances presented the extraordinary and compelling reasons necessary to support compassionate release. Accordingly, the Court finds that defendant has not satisfied the extraordinary and compelling requirement needed for compassionate release, and his motion for compassionate release will be **DENIED**.

## IV.     Motion to Appoint Counsel

Defendant filed a pro se motion asking the Court to appoint counsel to assist him with his request for compassionate release [Doc. 592]. The Court notes that Standing Order 21-09 appoints Federal Defender Services of East Tennessee ("FDSET") to assist, defendants, in appropriate cases, with compassionate release motions. The Court further notes that FDSET has reviewed this case and filed a notice indicating that it will not be supplementing defendant's prose motion [Docs. 595]. In light of these fact, defendant's motion to appoint counsel [Doc. 592] will be **DENIED as moot**.

8

## V. Conclusion

For the reasons set forth more fully above, defendant's motion to appoint counsel [Doc. 592] is **DENIED** as moot and his motion for compassionate release [Doc. 581] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE